UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------
SHIVA STEIN,                                    :
                                                :
             Plaintiff,                         : Case No. 1:21-cv-9064
                                                :
v.                                              :
                                                : **COMPLAINT FOR VIOLATIONS OF**
DAWSON GEOPHYSICAL COMPANY,                     : **SECTIONS 14(e), 14(d) AND 20(a) OF**
STEPHEN C. JUMPER, CRAIG W.                     : **THE SECURITIES EXCHANGE ACT**
COOPER, MICHAEL L. KLOFAS, TED R.               : **OF 1934**
NORTH, and MARK A. VANDER PLOEG,                :
                                                : **JURY TRIAL DEMANDED**
             Defendants.                        :
------------------------------------------------------ :

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Dawson Geophysical Company ("Dawson or the "Company") and the members Dawson board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Dawson by affiliates of Wilks Brothers, LLC ("Wilks").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on November 1, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby WB Acquisitions Inc. ("Merger Sub"), a subsidiary of Wilks, will purchase any and all of the outstanding shares of the Company (the "Tender Offer") and will be merged with and into the Company and the Company will continue as the surviving corporation and a wholly-owned subsidiary of Parent (the "Proposed Transaction"). Merger Sub will thereafter cease to exist.  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated October 25, 2021 (the "Merger Agreement"), each Dawson common share issued and outstanding will be converted into the right to receive $2.34 (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Dawson's outstanding common stock and will expire on November 30, 2021.

3.  Defendants have now asked Dawson's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.  Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Dawson's financial projections relied upon by the Company's financial advisor, Moelis & Company LLC ("Moelis") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by the financial advisors. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Dawson stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Dawson's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Dawson stock is traded on the NASDAQ stock exchange, headquartered in this District. Moelis, Dawson's financial advisor, is also headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Dawson common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Stephen C. Jumper has served as a member of the Board since January 2001 and is the Chairman of the Board, President, and Chief Executive Officer.

11. Individual Defendant Craig W. Cooper has served as a member of the Board since February 2015.

12. Individual Defendant Michael L. Klofas has served as a member of the Board since May 2018.

13. Individual Defendant Ted R. North has served as a member of the Board and since February 2015.

14. Individual Defendant Mark A. Vander Ploeg has been a member of the Board since February 2015 and is the Lead Director of the Company.

15. Defendant Dawson is incorporated in Texas and maintains its principal offices at 508 West Wall, Suite 800, Midland, Texas 79701. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "DWSN."

16. The defendants identified in paragraphs 10-14 are collectively referred to as the "Individual Defendants" or the "Board."

17. The defendants identified in paragraphs 10-15 are collectively referred to as the "Defendants."

### SUBSTANTIVE ALLEGATIONS

**A.     The Proposed Transaction**

18. Dawson Geophysical Company provides onshore seismic data acquisition and processing services in the United States and Canada. The Company acquires and processes 2-D, 3-D, and multi-component seismic data for its clients, including oil and gas companies, and independent oil and gas operators, as well as providers of multi-client data libraries. Its seismic crews supply seismic data primarily to companies engaged in the exploration and development of

4

oil and natural gas on land and in land-to-water transition areas. The Company also serves the potash mining industry. Dawson was founded in 1952 and is headquartered in Midland, Texas.

19. On October 25, 2021, Wilks and the Company announced the Proposed Transaction:

> MIDLAND, Texas, Oct. 25, 2021 /PRNewswire/ -- Dawson Geophysical Company (NASDAQ: DWSN) ("Dawson" or the "Company") and Wilks Brothers, LLC ("Wilks") today announced that they have entered into a definitive merger agreement (the "Merger Agreement") pursuant to which a subsidiary of Wilks will commence on or before November 1, 2021 a tender offer to acquire all of the Company's outstanding common shares for $2.34 per share in cash (the "Offer"). Subject to the closing of the Offer, the merger agreement also contemplates that Wilks will acquire any Dawson shares that are not tendered into the Offer at the same price per share through a second-step merger, which will be completed as soon as practicable following the closing of the Offer, subject to the approval of at least 80% of the outstanding Dawson shares.
>
> **Dawson Board of Directors Recommendation**
>
> The Board of Directors of the Company is recommending that the Company's shareholders tender their shares in the Offer.
>
> The Company's Board of Directors, with the assistance of the Company's financial advisor, Moelis & Company LLC, commenced an on-going review and analysis of the Company's potential strategic alternatives in mid-2019. During this same period, Company management commenced efforts to scale the Company to match the declining demand for its seismic services. In reaching its decision to enter into the transaction with Wilks, the board has thoroughly considered the potential strategic options available to Dawson, the current and long term prospects for the Company and the sector in which it operates, including the lack of meaningful and sustainable demand for seismic services, as well as an ongoing skilled labor shortage required to meet any potential increase in demand. Management believes that the Company's cash and other current assets will continue to decline even if the Company undertakes further right-sizing efforts relative to demand for the Company's services. The board believes that this transaction presents all Dawson shareholders with an opportunity to achieve liquidity for their shares at the Offer price, is the most optimal path forward and is in the best interest of the shareholders.

The Company's President and Chief Executive Officer, Stephen C. Jumper, said, "Given the limited trading liquidity in our stock, this transaction offers our shareholders compelling value for their shares and the ability to most efficiently realize that value. It also provides Dawson with financial flexibility otherwise not available in the challenging environment in which the Company is currently operating. Our ability to withstand the continued volatile markets is enhanced with this partnership. The Wilks' entities have demonstrated a highly successful track-record and we believe they will be a strong, long-term partner for our employees and customers."

Additional information concerning the foregoing matters will be set forth in the Company's Solicitation/Recommendation Statement on Schedule 14D-9 to be filed with the Securities and Exchange Commission following the commencement of the Offer by Wilks.

**Tender Offer and Merger**

The transaction is not subject to a financing condition. The tender offer will be subject to customary conditions, including the tender of at least 80% of the outstanding shares of the Company pursuant to the Offer, which will be open for at least 20 business days following commencement (subject to mandatory extensions in certain circumstances). The Company and Wilks may mutually agree to permit closing of the Offer if less than 80% of the outstanding shares of the Company are tendered. Subject to the closing of the Offer, the Merger Agreement also contemplates that Wilks will acquire any shares of Dawson that are not tendered into the Offer through a second-step merger, which will be completed as soon as practicable following the closing of the Offer and will require approval of at least 80% of the outstanding shares of the Company. Subject to the closing of the Offer, the parties expect to complete the merger in the fourth quarter of 2021.

Moelis & Company LLC is serving as financial advisor to the Company and Baker Botts L.L.P. is serving as the Company's legal advisor.

\* \* \*

20. It is therefore imperative that Dawson's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B.   **The Materially Incomplete and Misleading Solicitation Statement**

21.   On November 1, 2021, Dawson filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

22.   The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by the financial advisors, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

23.   For the Company Projections (the "Projections") prepared by Company management for Dawson for fiscal years 2021 through 2045, the Solicitation Statement fails to provide the line items used to calculate Adjusted EBITDA and Unlevered Free Cash Flow.

24.   The Solicitation Statement also omits the Company's NOL Utilization Estimates, relied upon by Moelis in forming its opinion as to the fairness of the Proposed Transaction and conducting its financial analyses.

25.   With respect to Moelis's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the terminal value of the Company; (ii) the basis for applying the range of discount rates from 14.750% to 22.250%; (iii) the weighted cost of capital of the

Company; and (iii) the basis for selecting a reference range of 3.5x to 4.5x estimated terminal year Adjusted EBITDA.

26. With respect to Moelis's *Selected Public Traded Companies Analysis*, the Solicitation Statement fails to disclose: (i) the estimated financial metrics of each selected comparable company; and (ii) the considerations deemed relevant by and judgments made by Moelis to arrive at the selected reference range of 2.5x to 3.5x estimated Adjusted EBITDA for calendar year 2022 and 2.0x to 3.0x estimated Adjusted EBITDA for calendar year 2023.

27. With respect to Moelis's *Premia Paid Analysis*, the Solicitation Statement fails to disclose: (i) the transactions observed; and (ii) the premium paid in each transaction.

28. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

29. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

30. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

8

31. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

32. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

33. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

34. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

35. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II
### Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder
**(Against All Defendants)**

37. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

38. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had

access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Dawson within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Dawson, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Dawson, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Dawson, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

47. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A.  Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.  Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.  Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: November 3, 2021               **MELWANI & CHAN LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Floor
New York, New York 10036
Tel: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*

14